ORDER DENYING REQUEST FOR RECONSIDERATION
PER CURIAM.
In a first for the Appellate Court, Associate Judge Jenny Lee Kronk has requested reconsideration of this Court’s March 3, 2009, Decision and Order (“Order”) in this case reversing the Tribal Court and ordering further proceedings not inconsistent with our Order. For the reasons discussed below, the Appellate Court denies Judge Kronk’s Request for Reconsideration.
I. FACTS
We do not feel that it is necessary to our decision today to recount all of the facts of this case here. A more complete recitation of the facts involved in the underlying lawsuit may be found in the Appellate Court’s Order of March 3, 2009. LTBB Appellate Court # A-010-07G8.
In that Order, we concluded that the Tribal Court, Judge Kronk presiding, improperly denied full faith and credit to a state court judgment that TBA Credit Union (“TBA”) had obtained against Brandon Giem (“Giem”) and reversed Judge Kronk’s decision. In addition, we remanded the case to Judge Kronk with direction to enter an order granting full faith and credit to TBA’s state court judgment and to review and act upon TBA’s request to garnish the wages of Giem. # A-010-0708, p. 5. Subsequently, Judge Kronk filed this Request for Reconsideration with the Appellate Court on March 17, 2009. It is important to note that neither party to the underlying lawsuit has sought reconsideration of our March 3, 2009, Order.
II. ANALYSIS
A. Standing
Initially, we observe that Judge Kronk cites absolutely no authority for the proposition that a trial court judge may independently request reconsideration of a decision of an appellate court and we are aware of no such authority. This leads us to question whether Judge Kronk even has standing to request reconsideration of our Order. Although Appellate Procedures Rule 7.504 does not explicitly state that only parties in interest may file a request for reconsideration, the rule nevertheless clearly limits standing for such a request to the parties to the case for several reasons.
*301 First., the text of the rule limits the right to request reconsideration of an Appellate Court decision by stating that “[a] copy of the request must be served upon all other parties and on the Tribal Court.” (Emphasis added.) The reference to “all other parties” indicates that Rule 7.504 presumes that the person exercising the right to request reconsideration is also a party. Second, Rule 7.504(B) expressly states that “[a]ny other party may file a response” to a request for reconsideration. (Emphasis added.) Again, the reference to “any other party” evidences an intent to limit the ability to request reconsideration to an actual party to the case.
Our reading of Rule 7.504 is also consistent with the broader context of the Appellate Procedures. Near the beginning of the procedures, Rule 7.303 states that in civil cases, the right to appeal is held by “any party adversely affected by a decision of the Tribal Court.” (Emphasis added.) Thus, from the very outset, the Appellate Procedures make clear that the right to appeal is possessed only by a party to a case who was adversely affected by a decision of the court. Since the right to request reconsideration is the final step available within the general right to appeal, it necessarily follows that the right to reconsideration is similarly limited to parties adversely affected by earlier proceedings in the case.
In addition, the underlying policy of judicial economy, which the doctrine of standing helps protect, supports our decision today. The right to request reconsideration of an Appellate Court decision must be limited to parties in interest in order to promote the effective and efficient functioning of the court system. Since requests for reconsideration automatically stay all court proceedings, the receipt of numerous requests for reconsideration would introduce delay and frequently prevent the parties from promptly experiencing the enforcement of the Appellate Court’s decision in a particular ease.
If the Appellate Court concluded that any individual could submit a request for reconsideration in any case, the Appellate Court would invite third parties who have suffered no direct harm or injury to file an appeal and needlessly prolong a case’s outcome. Limiting standing under Rule 7.504 to actual parties in interest helps ensure the efficient use of limited judicial resources. We conclude that Judge Kronk lacks standing to submit a request under Rule 7.504 of the Appellate Procedures for reconsideration of our March 3, 2009, Order.
B. Additional Issues
Were this a request for reconsideration filed by an ordinary person lacking standing, we would very likely end our analysis here. However, since this most unusual request was filed by the Tribal Court Judge in this case, we feel compelled to more specifically address many of the assertions made in the request. One allegation raised by Judge Kronk is that the Appellate Court relied upon facts that were not a part of the Tribal Court record in reaching its decision. In its Order, the Appellate Court did include several uncontested background facts from the appellate record in order to provide a more complete context for understanding the origins of this case. Unfortunately, Judge Kronk fails to demonstrate how the inclusion of these background facts, which were not relied upon by the Appellate Court in reaching its conclusion, was improper. Indeed, the two material facts that we relied upon in determining the outcome of the appeal before us were the existence of TBA’s state court judgment against Giem and his ex-wife and the hold harmless and indemnify language in the Giems’ Charle- *302 voix County District Court divorce decree. These facts are supported in the record before Judge Kronk below by a copy of the state court judgment against Giem, a copy of the Giems’ state court divorce decree, and the transcript of the hearing before Judge Kronk on June 24, 2008, at which the state court judgments and divorce decree were discussed.
In addition, Judge Kronk argues that the Appellate Court failed to review the Tribal Court’s decision based upon Rules 7.501 and 7.502 of the Appellate Procedures relating to the standard of review and the issues preserved on appeal. In support of this argument, Judge Kronk suggests that the Appellate Court wrongly considered whether Michigan law permits a state court divorce decree to modify a civil judgment between a third-party creditor and a party to the divorce. However, Judge Kronk fails to acknowledge that she herself attempted to interpret Michigan law in concluding that TBA’s state court judgment against Giem “appears to have been modified by the subsequent January 11, 2007 [Charlevoix County District Court] order in the divorce decree.” Opinion of Judge Kronk, June 26, 2008, p. 2. In essence, Judge Kronk’s argument seems to be that she may attempt to interpret Michigan law, but if the Appellate Court disagrees with her interpretation, we are powerless to do anything about it. In this regard, Judge Kronk is mistaken.
Judge Kronk also attempts to defend her interpretation of Michigan law by arguing that her conclusion that TBA’s state court judgment against Giem was modified by his subsequent divorce decree is a factual inference and is thereby owed some deference by the Appellate Court. However, Judge Kronk is wrong to characterize this conclusion in her Tribal Court order as a factual inference. On the contrary, whether a future court judgment modifies an earlier judgment is a legal conclusion and is, therefore, reviewable by this Court de novo. Appellate Procedures Rule 7.501(E). Furthermore, while certainly not dispositive of the issue, the Appellate Court notes that Judge Kronk’s conclusion that the divorce decree modified the previous judgment against Giem is contained in the section of her order entitled “Conclusions of Law.” Opinion of Judge Kronk, June 26, 2008, p. 2.
In addition, Judge Kronk argues that her conclusion that the Giems’ divorce decree modified the rights of TBA is supported by the inclusion of the phrase “hold harmless” in the “Property Division” section of the divorce decree. Giem Divorce Decree, January 11, 2007, p. 3. However, that section of the Giems’ divorce decree continues onto the next page and includes a reference not only to “hold harmless” but to “indemnity” as well. Giem Divorce Decree, January 11, 2007, p. 4. It is the entire language in the “Property Division” section of the divorce decree that we relied upon in reaching our decision in the March 3, 2009, Order.
In the request for reconsideration, Judge Kronk fails to address the impact of the inclusion of this indemnification language on Giem’s obligation to pay the judgment against him. Moreover, while we agree with Judge Kronk that “hold harmless” is a legal term of art, we note that the definition from Black’s Law Dictionary which she cited is incomplete in that it stops before the end of the quoted sentence. The complete first sentence in the definition of “hold harmless” reads, “To absolve (another party) from any responsibility for damage or other liability arising from the transaction; INDEMNIFY.” Black’s Law Dictionary 749 (8th ed.2004) (emphasis added). Furthermore, the definitions of “indemnify” and “indemnity” both make it clear that the legal *303 obligation created is one of reimbursement for a loss suffered by another. See, INDEMNIFY, Black’s Law Dictionary 783; INDEMNITY, Black’s Law Dictionary 784.
We appreciate Judge Kronk’s concern for using a legal resource such as Black’s Law Dictionary when defining legal terms of art. In fact, an earlier draft of the Appellate Court’s Order in this case used the Black’s Law Dictionary definitions of “hold harmless,” “indemnify,” and “indemnity.” However, at the suggestion of one of the Appellate Justices, we decided to use definitions from a non-legal dictionary which were substantively the same as those found in Black’s. We did this solely for the convenience of Giem, who is unrepresented by counsel and may not have easy access to a legal library and its resources. Regardless of which dictionary definitions are used, we stand by our conclusion that the divorce decree gives Giem a right to seek reimbursement from his ex-wife for any money he pays to TBA but does not preclude TBA from enforcing its judgment against him.
Once again, Judge Kronk confuses factual findings with legal conclusions when she asserts that her determination that enforcing TBA’s judgment against Giem would be repugnant to the public policy of LTBB is a factual finding. A decision not to enforce a foreign judgment due to the repugnant policy exception is a legal conclusion, which may be supported by factual findings, but it is not a factual finding in and of itself. As such, the determination is subject to de novo review by the Appellate Court. Appellate Procedures Rule 7.501(E). In addition, we note that Judge Kronk also places her conclusion that enforcing TBA’s judgment would be repugnant to the public policy of LTBB in the section of her order entitled “Conclusions of Law.” Opinion of Judge Kronk, June 26, 2008, p. 2.
Furthermore, the Appellate Court is very' concerned that Judge Kronk determined that the recognition of TBA’s state court judgment by the Tribal Court would be repugnant to the public policy of LTBB with little, if any, support in the factual record for such a conclusion. Application of the repugnant policy exception should not be done lightly and Judge Kronk’s order demonstrates a cavalier attitude toward the recognition of foreign court judgments. This is especially distressing because the recognition of foreign court judgments is part of the foundation of mutual government-to-government respect between LTBB’s justice system and the courts of the State of Michigan.
Finally, the Court feels compelled to point out that Judge Kronk’s submission of a request for reconsideration demonstrates a disrespect for the appellate function of the LTBB judicial process and may well constitute a willful violation of the March 3, 2009, Order of the Appellate Court, a Court whose orders she is required to follow. Decisions of the Appellate Court form the law of the case and the Tribal Court, as well as the parties to the case, must conform their conduct to the Appellate Court’s decision and order or they may be found in contempt of court.
Moreover, a judge is supposed to be a neutral arbiter of a dispute between parties with adverse interests. Here, by interjecting herself into the case as an advocate for one particular position, Judge Kronk has raised serious questions about her impartiality in this case and her ability to continue to oversee it. As a result of her actions, the Appellate Court concludes that it is necessary to remove Judge Kronk from this case and transfer it to Chief Judge JoAnne Gaseo for further pro- *304 eeedings consistent with our March 3, 2009, Order.
III. CONCLUSION
For the reasons discussed above, the Appellate Court DENIES the Request for Reconsideration filed by Judge Kronk for lack of standing, REMOVES Judge Kronk from this case, and TRANSFERS the case to Chief Judge JoAnne Gaseo for further proceedings consistent with the Appellate Court’s March 3, 2009, Decision and Order.